## FARMERS NAT. BANK & TRUST CO. OF READING et al. v. FLEXIBLE TRUCK CORPORATION.

### No. 5929.

Circuit Court of Appeals, Third Circuit.

Jan. 17, 1936.

Clarence G. Myers, of Philadelphia, Pa., Charles H. Weidner, of Reading, Pa., and Duane, Morris & Heckscher, of Philadelphia, Pa., for appellants.

Robert T. McCracken and John F. Headly, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The appellee herein, H. D. Taylor, Inc. (later named Flexible Truck Corporation), was wholly owned by two brothers; 49 per cent. of the stock being held by H. D. Taylor, and 51 per cent. by Roland Taylor. H. D. Taylor was the president and sales manager and maintained an office under the corporate name in Reading, Pa. He had a personal checking account at the appellant bank and deposited a number of checks drawn to the order of the appellee corporation, which he indorsed as president. The proceeds of the checks so deposited were credited to his personal account and subsequently drawn out by him. The appellee brought suit for the aggregate amount of these checks, giving credit for so much as had been used by H. D. Taylor for corporate purposes, on the theory that the appellant had wrongfully allowed corporate checks to be deposited in the name of the president who had no authority to indorse the checks. The appellant contends that H. D. Taylor had apparent authority to indorse and deposit the corporation checks, and that the appellee is equitably estopped to deny responsibility for the acts of its president. The District Court directed a verdict for the appellee and the appellant assigns this as error, alleging that there were issues of fact for determination by the jury.

We think there should have been left to the jury, under proper instructions from the court, the question whether the appellee's failure to exercise any supervision over the actions of its president was negligence on its part which contributed in a substantial degree to the loss which it claims was due to the negligence of the appellant bank. In placing the entire responsibility for the loss on the appellant, the court unduly stressed the duty of the bank to inquire as to the authority of its depositor to indorse corporate checks and overlooked the duty of the appellee corporation to supervise the conduct of its own officers. A jury might have found from the evidence that for about two years the appellee exercised no supervision or control over H. D. Taylor; that the business was conducted from Reading; that orders were taken in Reading; that contracts contained provisions that checks be sent to Reading; that out of H. D. Taylor's personal account with the appellant were paid salaries for the Reading employees, ad-

vances to the Philadelphia office, and some corporate obligations. If we apply the principle that where one of two innocent parties must suffer through the wrong-doing of a third, the loss must be borne by that party whose act or omission made possible the wrong, then it becomes a question for the jury whether the omission of the appellee to supervise its officer in the conduct of its business was not the dominant factor in making the loss possible.

The judgment is reversed, with a venire de novo.